### No. 953.

SUCCESSION OF MARIA BOWMAN.   CONTESTATION FOR ADMINISTRATION OF
THE SAME BETWEEN THE PUBLIC ADMINISTRATOR OF THE PARISH OF
IBERIA AND JOHN FISHER, TESTAMENTARY EXECUTOR.

The question at issue is, which of the parties contending, the executor named in
the will of Mrs. Bowman, or the public administrator of the parish, has the right
to administer the estate of the deceased. The court below ordered that Fisher
should account for the funds he has received to date and satisfy the court that
the same had not been illegally used; that he be given thirty days from date to
comply with this order; and that in the mean time the application of the public
administrator remain in abeyance. This judgment is erroneous.

The confirmation of Fisher as executor by the parish court of St. Martin, being null
and void, does not preclude him from applying for confirmation and for probate of
the will before the court having jurisdiction. He is entitled to the office of execu-
tor, in preference to the public administrator. It will be in time to inquire into
his liabilities to the estate as executor after he assumes the duties and responsi-
bilities of the office.

APPEAL from the Parish Court, parish of Iberia. *Fontelieu*, J.  *J. A.
Breaux*, for administrator and appellee.  *U. S. Haase* and *R. S. Perry*,
for opponents and appellants.

TALIAFERRO, J.  Maria Bowman, formerly a resident of the parish of
St. Martin, but at the time of her decease a resident of the State of Mis-
sissippi, named in her will John Fisher, one of her sons, as her executor.
She left property in the parish of St. Martin. In 1870 Fisher presented
a copy of the will to the probate court of the parish of St. Martin for
probate. The usual order was rendered, and John Fisher was qualified
as executor. This was all done after the creation and establishment of
the parish of Iberia in 1868.

The property of the succession of Mrs. Bowman consisted, as it ap-
pears, entirely of houses and lots in the town of New Iberia, which, be-
fore the establishment of the new parish, was in the parish of St. Martin,
but afterward was included in the parish of Iberia. There seems to
have been dissatisfaction among some of the heirs of Mrs. Bowman in
regard to the course pursued by Fisher acting under his appointment
to the executorship. It is admitted that he did not make an inventory of
the succession, or commence one within ten days; that he has collected
rents and has rendered no account.

In March, 1876, the public administrator of the parish of Iberia, at the
instance of several of the heirs, applied for the administration of Mrs.
Bowman's estate, alleging that the same has never been legally opened
in Louisiana; that it can only be legally administered under the author-
ity of the parish court of Iberia, which alone has jurisdiction over it;
that Fisher, the person named in the will to be executor of the estate,
has failed to qualify, and complied with none of the legal formalities re-
quired to be observed by executors; that Fisher, without legal authority,

has collected amounts on account of the estate and has failed to render any account of them. He prays to be appointed administrator of the succession and authorized to settle its affairs.

An order, it appears, was rendered recognizing the public administrator as executor of the estate, and a subsequent order was made directing the making of an inventory, which was done.

Subsequently, Fisher filed his opposition to the proceedings of the public administrator, denying the existence of any contingency requiring or authorizing the appointment of the public administrator to administer the succession; that, through error, he was recognized and confirmed by the parish court of the parish of St. Martin on the twenty-fourth of March, 1870, said court not having jurisdiction, to which error his attention was called only since the pendency of the application of the public administrator, and he alleges there is no cause why he should not be appointed and qualified by the parish court of Iberia, and why he can not discharge the duties of said trust. He prays that the application of the public administrator be rejected, and that he be appointed executor without bond, and that letters testamentary be granted to him according to law.

The court, after hearing the parties and receiving evidence, ordered that John Fisher account for the funds he has received to date and satisfy the court that the same have not been illegally used; that he be given thirty days from date to comply with this order, and that in the mean time the application of the public administrator remain in abeyance. The opponent, Fisher, appealed.

We think the judgment erroneous. The question at issue seems to be which of the parties contending for the administration of Madame Bowman's succession, the executor named in her will, or the public administrator, is entitled to it? The confirmation of Fisher as executor by the parish court of St. Martin, being null and void, does not preclude him from applying for confirmation and for probate of the will before the court having jurisdiction. We think him entitled to the office of executor, in preference to the public administrator. It will be in time to inquire into his liabilities to the estate as executor after he assumes the duties and responsibilities of the office.

It is therefore ordered that the judgment appealed from be annulled, and, proceeding to render such decree as should have been rendered by the lower court, it is ordered that the opponent, John Fisher, be confirmed as executor of the estate of his mother, Maria Bowman, deceased, upon his taking the oath and complying with the law in such cases prescribed; that this case be remanded to the court *a qua* to be further proceeded with according to law, the public administrator, the other contestant, paying costs in both courts.